# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

    v.

JOHN DOE subscriber assigned IP address 73.172.243.75,

    Defendant.

Civil Action No. 18-804 (CKK)

## MEMORANDUM OPINION
(July 9, 2018)

Plaintiff Strike 3 Holdings, LLC moves for certain expedited discovery to uncover the identity of John Doe Defendant and consequently facilitate Plaintiff's service of the [1] Complaint. Doe Defendant, who is currently known to Plaintiff only by internet protocol ("IP") address 73.172.243.75, allegedly downloaded Plaintiff's copyrighted content without authorization. Plaintiff proposes to serve a third-party subpoena under Federal Rule of Civil Procedure 45 on Doe Defendant's internet service provider ("ISP"), Comcast Cable Communications, LLC ("Comcast Cable"), that would require Comcast Cable to provide certain identifying information about Doe Defendant to Plaintiff. Upon consideration of Plaintiff's [1] Complaint and [4] Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, the relevant legal authorities, and the record as a whole, the Court **GRANTS** Plaintiff's Motion and shall permit limited, expedited discovery at this time.

## I. BACKGROUND

### A. Factual Context

The Court shall draw on Plaintiff's representations in the [1] Complaint for the few factual details pertinent to this motion. Plaintiff evidently owns the copyright to certain adult motion

1

pictures that Plaintiff distributes through adult websites and DVDs. Compl., ECF No. 1 ("Compl."), ¶¶ 2-3, 31. Doe Defendant has allegedly infringed Plaintiff's copyright protection by anonymously downloading and distributing twenty-five of Plaintiff's movies using the BitTorrent system. *Id.* ¶¶ 4-5, 23. While Doe Defendant is known to Plaintiff only through IP address 73.172.243.75, this address is serviced by ISP Comcast Cable, which Plaintiff has reason to believe possesses further identifying information about Doe Defendant. *See id.* ¶ 5.

### B. Procedural Posture

Plaintiff filed the [1] Complaint in pursuit of damages under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* Compl. ¶ 6. Plaintiff presently moves for entry of an order granting leave to serve a third-party subpoena on Comcast Cable prior to a discovery conference under Federal Rule of Civil Procedure 26(f), "so that Plaintiff may learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service." Mem. of P&A in Supp. of Pl.'s Mot. for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, ECF No. 4-6 ("Pl.'s Mem."), at 1-2. Plaintiff has attempted to provisionally satisfy the Court of personal jurisdiction over Doe Defendant by indicating that geolocation technology pinpoints Doe Defendant's IP address at a physical location in the District of Columbia. *Id.* at 6. Should the Court grant Plaintiff's Motion, Plaintiff suggests that the Court consider issuing a protective order that would permit Doe Defendant to proceed anonymously. *Id.* at 8.

## II. LEGAL STANDARD

A plaintiff who seeks to conduct expedited discovery prior to the Rule 26(f) conference in order to learn the identity of putative defendants requests "what is in essence jurisdictional discovery." *Exquisite Multimedia, Inc. v. Does 1-336*, No. 11-1976, 2012 WL 177885, at *1 (D.D.C. Jan. 19, 2012). Federal Rule of Civil Procedure 26(d) explains that parties may generally

seek discovery only after a Rule 26(f) conference, "except . . . when authorized by . . . court order." Fed. R. Civ. P. 26(d)(1). The United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has held that "Rule 26 'vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.'" *Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

To determine whether to authorize discovery prior to a Rule 26(f) conference in a particular case, courts in this Circuit have applied a "good cause" standard. *See AF Holdings, LLC v. Cox Commc'ns Inc.*, 752 F.3d 990, 995 (D.C. Cir. 2014) (citing Fed. R. Civ. P. 26(b)(1)); *Warner Bros. Records Inc. v. Does 1-6*, 527 F. Supp. 2d 1, 2 (D.D.C. 2007) (applying this standard in John Doe copyright infringement case). In order to obtain jurisdictional discovery, a plaintiff must "have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant[ ]." *AF Holdings, LLC*, 752 F.3d at 995 (quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998)) (internal quotation marks omitted); *see also Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.*, 638 F. Supp. 2d 1, 11 (D.D.C. 2009) (recognizing that "[j]urisdictional discovery . . . is justified only if the plaintiff reasonably demonstrates that it can supplement its jurisdictional allegations through discovery") (quoting *Kopff v. Battaglia*, 425 F. Supp. 2d 76, 89 (D.D.C. 2006) (internal quotation marks omitted)). "'Mere conjecture or speculation' is not enough" to justify jurisdictional discovery. *Exponential Biotherapies, Inc.*, 638 F. Supp. 2d at 11-12 (quoting *FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1094 (D.C. Cir. 2008)).

The D.C. Circuit has specifically discussed the approach to personal jurisdiction over anonymous defendants where a plaintiff seeks jurisdictional discovery in a copyright infringement action. "[U]nder the District of Columbia's long-arm statute, which along with the Due Process

Clause governs this question, the only conceivable way that personal jurisdiction might properly be exercised over these Doe defendants is if they are residents of the District of Columbia or at least downloaded the copyrighted work in the District." *AF Holdings, LLC*, 752 F.3d at 996 (citation omitted); *see also* D.C. Code § 13–422 (domicile in the District of Columbia); *id.* § 13–423(a)(3) (tortious injury in the District of Columbia). "[G]eolocation services, which enable anyone to estimate the location of Internet users based on their IP addresses," are "sufficiently accurate to provide at least some basis for determining whether a particular subscriber might live in the District of Columbia." *AF Holdings, LLC*, 752 F.3d at 996; *see also Nu Image, Inc. v. Doe*, 799 F. Supp. 2d 34, 41 (D.D.C. 2011) (holding that "the Plaintiff has a good faith basis to believe a putative defendant *may* be a District of Columbia resident if a geolocation service places his/her IP address within the District of Columbia, or within a city located within 30 miles of the District of Columbia").

### III. DISCUSSION

Upon consideration of the relevant legal authorities and Plaintiff's pleadings, the Court finds that good cause exists for Plaintiff's requested expedited discovery. First, the Court shall be unable to administer any further proceedings in this case absent identification of Doe Defendant. *See Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d. 1, 4, 6 (D.D.C. 2008) (Kollar-Kotelly, J.). Second, Plaintiff has established a good faith basis for believing that Doe Defendant is a District of Columbia resident. In Plaintiff's [1] Complaint, Plaintiff alleges that it "used IP address geolocation technology by Maxmind Inc. ('Maxmind'), an industry-leading provider of IP address intelligence and online fraud detection tools, to determine that Defendant's IP address traced to a physical address in this District." Compl. ¶ 9. *Cf. AF Holdings, LLC*, 752 F.3d at 996 (finding that plaintiff-appellee's "refusal to cabin its suit and corresponding discovery requests to

4

individuals whom it has some realistic chance of successfully suing in this district demonstrates that it has not 'sought the information because of its relevance to the issues' that might actually be litigated here" (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978))). Accordingly, in an exercise of this Court's broad discretion under Rule 26, the Court shall grant Plaintiff leave to serve a Rule 45 subpoena on the ISP identified in Exhibit A of the [1] Complaint, Comcast Cable, for the purpose of identifying Doe Defendant's true identity prior to a Rule 26(f) conference. *See* Compl., Ex. A (containing file hashes associated with IP address 73.172.243.75).

Plaintiff is permitted to engage in limited, expedited discovery in order to obtain the identity of Doe Defendant by serving a Rule 45 subpoena on the ISP Comcast Cable that seeks the true name and address of Doe Defendant. *See* Pl.'s Mot. at 2. Any information disclosed to Plaintiff in response to the Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in the [1] Complaint. If and when the ISP is served with the subpoena, the ISP shall give written notice, which may include e-mail notice, to the subscriber in question within ten (10) business days. This notice shall take place prior to releasing the subscriber's identifying information to Plaintiff. If the ISP and/or Doe Defendant want to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be no earlier than thirty (30) days from the date of service. The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. Plaintiff shall provide the ISP with a copy of this Memorandum Opinion and the accompanying Order with its subpoena. On or before **SEPTEMBER 7, 2018**, Plaintiff shall file a Status Report with the Court briefly outlining its progress, including providing an expected completion date for the discovery allowed by the accompanying Order.

5

Plaintiff suggests that issuance of a protective order may be appropriate. *See* Pl.'s Mem. at 8 (citing *Malibu Media, LLC v. Doe*, No. 15-CV-3504 (JFB)(SIL), 2016 WL 4444799, at *2 (E.D.N.Y. Aug. 23, 2016)). The "protective order" that the magistrate judge issued earlier in the *Malibu Media* litigation appears to have consisted in pertinent part of procedures for notice and contestation of the subpoena. *See id.* The Court has already provided above for Doe Defendant's (and the ISP's) opportunity to challenge the subpoena in this case, and the accompanying Order shall reiterate those protections. It seems that the *Malibu Media* order also expressly provided that the defendant could use the window available for moving to quash the subpoena to also, or instead, request to litigate that subpoena anonymously. *See id.* The Court finds that such an express provision is not necessary here. The Court shall reevaluate whether any further order protecting Doe Defendant's identity is appropriate if Doe Defendant raises this issue after Plaintiff serves the subpoena on the ISP. The Court finds, in the meantime, that the opportunity for the ISP and/or Doe Defendant to move to quash the subpoena provides Doe Defendant with comparable protection that is more appropriate at this stage in the proceedings.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has made a showing of "good cause" for the expedited discovery it seeks. Accordingly, the Court shall GRANT Plaintiff's [4] Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference.

An appropriate Order accompanies this Memorandum Opinion.

Dated: July 9, 2018

                                          /s/
                                  COLLEEN KOLLAR-KOTELLY
                                  United States District Judge